■ SUSANA MARTINEZ, Individually and as Administratrix of the Estate of GERARDO MARTINEZ, Deceased, Plaintiff, v AMERICAN STANDARD et al., Defendants. TECUMSEH PRODUCTS COMPANY, Sued Herein as TECUMSEH PRODUCTS, Defendant and Third-Party Plaintiff-Respondent, v VITREOUS STATE PRODUCTS, Third-Party Defendant-Appellant. (And Another Third-Party Action.) —

Appeal by third-party defendant Vitreous State Products from an order of the Supreme Court, Kings County (Vaccaro, J.), dated July 14, 1981, which denied its motion pursuant to CPLR 3211 (subd [a], par 8) to dismiss the third-party complaint against it, upon the ground that the court lacked personal jurisdiction. Order reversed, on the law, with $50 costs and disbursements, motion granted and third-party complaint against Vitreous State Products dismissed. Gerardo Martinez sustained personal injuries at the Essex Hotel in New York, resulting in his death, as a consequence of the alleged malfunctioning of an air-conditioning unit which was manufactured by defendant American Standard and in which was installed a compressor manufactured by Tecumseh Products Company (Tecumseh). A suit was subsequently brought by the administratrix of the Martinez estate against, *inter alia,* Tecumseh. Tecumseh then commenced a third-party action against appellant Vitreous State Products (Vitreous), seeking indemnification and/or contribution in the event of any recovery obtained by the plaintiff against it in the main action. The third-party claim was based on manufacture and sale by Vitreous to Tecumseh of terminal pins which were installed in Tecumseh's compressors. The instant appeal is from the order denying Vitreous' motion pursuant to CPLR 3211 (subd [a], par 8) to dismiss the third-party complaint against it for lack of in personam jurisdiction. The due process standards that guide courts in determining whether a nonresident defendant is amenable to suit under the forum State's long-arm statute have as their linchpin, the fundamental notion that the defendant have "minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*International Shoe Co. v Washington,* 326 US 310, 316.) In sustaining jurisdiction herein under CPLR 302 (subd [a], par 3, cl [ii]), New York's long-arm statute, Special Term found that Vitreous derived substantial revenue from interstate commerce and that it expected or should reasonably have expected that tortious conduct on its part would have consequences in the State of New York. While conceding that it derives substantial revenue from interstate commerce, thus satisfying the first requirement of clause (ii), Vitreous disputes Special Term's finding that it should have foreseen that its actions would have consequences in New York. In our view the record does not support Special Term's conclusion. It is undisputed that Vitreous has no direct contacts with the State of New York. It is incorporated in Rhode Island and operates its business in that State. It has no offices or employees in New York and no plants for manufacture in our State. It has no agents for service of process here, it does not advertise or solicit business in New York, and it does not ship any of its products into New York. The record reveals only that on Tecumseh's orders, Vitreous shipped terminal pins to the midwest. In *World-Wide Volkswagen Corp. v Woodson* (444 US 286, 297) the Supreme Court explicitly declared that "the foreseeability that is critical to due process analysis is not *the mere likelihood* that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there" (emphasis added). Special Term seemingly relied on a "stream of commerce" analysis, whereby a manufacture will be deemed to have foreseen consequences of its allegedly defective product by virtue of its placing of that product on the market for general distribution. As noted by the Supreme Court in *World-Wide Volkswagen Corp. (supra),* however, the mere likelihood that a product will find its way into the forum State is insufficient to require a nonresident defendant to defend a suit there. Moreover, the foreseeability requirement is itself restricted by the purposeful affiliation requirement (see *Darienzo v Wise Shoe Stores,* 74 AD2d 342, 346). There must be "some act by

which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws" (*Hanson v Denckla*, 357 US 235, 253). In the case of a manufacturer this would result from a discernible effort to serve, directly or indirectly, a market in the forum State (*Darienzo v Wise Shoe Stores, supra*). There are no tangible manifestations in this record to indicate that Vitreous either knew or should have known where Tecumseh's compressors were destined, or that Vitreous was attempting to reach a New York market through Tecumseh. The test is an objective one (*Allen v Auto Specialties, Mfg. Co.*, 45 AD2d 331, 333). Unlike the cases relied on by Special Term, there is no evidence in the case at bar that Vitreous either (1) granted distributorships to a New York resident, as did the foreign defendants in *Gillmore v Inskip, Inc.* (54 Misc 2d 218, 221), and *Gonzalez v Calorific Co.* (64 Misc 2d 287, affd 35 AD2d 720) or (2) had an identity of officers with another nonresident corporation which distributed its product in this State, as was the case in *Darienzo v Wise Shoe Stores* (*supra*). Evidence that Vitreous knew or should have foreseen the ultimate destination of the completed product is essential to satisfy the statutory requisites of CPLR 302 (subd [a], par 3, cl [ii]), and the constitutional due process requirements announced in *Hanson v Denckla* (357 US 235, 253, *supra*). Accordingly, the record before us is insufficient to support the exercise of in personam jurisdiction over Vitreous by our courts. Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.