BETTY S. SCHULTZ, Respondent, v MARY K. HYMAN et al., Respondents, and GLASS PRODUCTS, INC., et al., Appellants. MARY K. HYMAN and HOME INTERIORS & GIFTS, INC., Third-Party Plaintiffs-Respondents, v GLASS PRODUCTS, INC., Third-Party Defendant-Appellant. [607 NYS2d 824] —Order unanimously reversed on the law without costs, motion granted, complaint against defendants Glass Products, Inc., and Lasting Products, Inc., dismissed and third-party complaint dismissed. Memorandum: Defendant and third-party defendant Glass Products, Inc. and defendant Lasting Products, Inc. (collectively referred to as the movants) contend that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them and the third-party complaint on the ground that the courts of this State lack personal jurisdiction over them. They contend that the exercise of in personam jurisdiction by the courts of this State violates due process standards because they do not have minimum contacts with this State. We agree.

" '[T]he constitutional touchstone' of the determination whether an exercise of personal jurisdiction comports with due · process 'remains whether the defendant purposefully established "minimum contacts" in the forum State' " *(Asahi Metal Indus. Co. v Superior Ct.,* 480 US 102, 108-109, quoting

*Burger King Corp. v Rudzewicz,* 471 US 462, 474, quoting *International Shoe Co. v Washington,* 326 US 310, 316; *see also, World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 291). The substantial connection between defendant and the forum State necessary for a finding of "minimum contacts" "must come about by an action of the defendant purposefully directed toward the forum State" *(Asahi Metal Indus. Co. v Superior Ct., supra,* at 112). Neither "[t]he placement of a product into the stream of commerce" nor the "awareness that the stream of commerce may or will sweep the product into the forum State" constitutes action purposefully directed toward the forum State *(Asahi Metal Indus. Co. v Superior Ct., supra,* at 112). Moreover, the concept of foreseeability is an insufficient basis to find in personam jurisdiction *(see, World-Wide Volkswagen Corp. v Woodson, supra,* at 297; *Martinez v American Std.,* 91 AD2d 652, *affd* 60 NY2d 873).

Here, the movants demonstrated that they do not have the requisite minimum contacts with New York to enable the courts of this State to exercise in personam jurisdiction over them. The movants do no business in New York. They sell, distribute and deliver their products exclusively within the State of Texas. The movants' awareness that some of their products placed into the stream of commerce will reach this State does not establish minimum contacts sufficient to render this State's exercise of personal jurisdiction consistent with fair play and substantial justice, as required by the Due Process Clause *(see, Asahi Metal Indus. Co. v Superior Ct., supra).*

Additionally, and apart from the due process claim, the movants contend that New York's long-arm statute (CPLR 302) does not confer in personam jurisdiction over them. We agree. The purpose of that statute is "to extend the jurisdiction of our State courts to nonresidents who have 'engaged in some purposeful activity [here] * * * in connection with the matter in suit' " *(Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 16, quoting *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 457, *cert denied sub nom. Estwing Mfg. Co. v Singer,* 382 US 905; *see also, Martinez v American Std., supra).* The movants established that they did not engage in such purposeful activity in New York.

In opposition to the motion, plaintiff and defendants, Mary Kay Hyman and Home Interiors & Gifts, Inc., failed to tender evidentiary proof in admissible form to show the existence of a triable issue of fact on the question of in personam jurisdiction. Therefore, we conclude that the movants are entitled to

the relief that they sought *(see, Porter v LSB Indus.,* 192 AD2d 205). (Appeal from Order of Supreme Court, Wayne County, Parenti, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.