■ CARLOS M. CORDERO, JR., et al., Appellants, v CITY OF NEW YORK et al., Appellants, DALLET HOLDING, INC., et al., Respondents, et al., Defendants. [654 NYS2d 661] —In an action to recover damages, *inter alia,* for personal injuries, etc., the City of New York and the other municipal defendants appeal from (1) a decision of the Supreme Court, Kings County (Greenstein, J.), dated September 21, 1994, (2) an order of the same court, dated September 7, 1995, which granted the motion of the defendant Dallet Holding, Inc., d/b/a Aerko International, s/h/a Dallet Holding, Inc., and Aerko, a Division of Dallet Holding, Inc., to dismiss the complaint and all cross claims insofar as asserted against Dallet Holding, Inc., and Aerko, a Division of Dallet Holding, Inc., for lack of personal jurisdiction, and (3) a judgment of the same court, entered October 19, 1995, upon the order. The defendant Pennsylvania Police Supply, Inc., and the plaintiffs separately appeal from the judgment entered October 19, 1995.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendant Dallet Holding, Inc., d/b/a Aerko International, s/h/a Dallet Holding, Inc., and Aerko, a Division of Dallet Holding, Inc., is denied, and the complaint and cross claims are reinstated insofar as asserted against it; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court erred in granting the motion of the defendant Dallet Holding, Inc., d/b/a Aerko International, s/h/a Dallet Holding, Inc., and Aerko, a Division of Dallet Holding, Inc., to dismiss the complaint and all cross claims asserted against it for lack of personal jurisdiction without giving the appellants the opportunity to conduct further discovery on the jurisdictional issue. The appellants have sufficiently demonstrated that a basis for long-arm jurisdiction may exist and are therefore entitled to discovery (*see, Peterson v Spartan Indus.,* 33 NY2d 463). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.