■ LISA D. CRAIR, as Administrator of the Estate of STACEY S. CRAIR, Deceased, Appellant-Respondent, v BROOKDALE HOSPITAL MEDICAL CENTER, CORNELL UNIVERSITY, et al., Defendants, and EMORY UNIVERSITY SCHOOL OF MEDICINE, Respondent-Appellant. (Action No. 1.) LISA D. CRAIR, as Administrator of the Estate of STACEY S. CRAIR, Deceased, Appellant, v BRIJ B. SAXENA et al., Defendants, and RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA et al., Respondents. (Action No. 2.) [686 NYS2d 771] —In two related actions to recover damages for personal injuries, Lisa Darcy Crair, the plaintiff in both actions, appeals from (1) an order of the Supreme Court, Kings County (Barasch, J.), dated June 30, 1997, which granted the motion by the defendant Rector and Visitors of the University of Virginia to dismiss the complaint in Action No. 2 insofar as asserted against it, (2) an order of

the same court, also dated June 30, 1997, which granted the motion by the defendant University of Maryland Medical Center to dismiss the complaint in Action No. 2 insofar as asserted against it, and (3) so much of an order of the same court, dated August 26, 1997, as, upon granting the branch of her motion which was for reargument of the denial of her motion to dismiss the affirmative defense of improper service of process asserted by Emory University School of Medicine in Action No. 1, which motion was denied by an order of the same court, dated April 18, 1997, in effect, adhered to the prior determination, and the defendant Emory University School of Medicine cross-appeals from so much of the order dated August 26, 1997, as granted that branch of the plaintiff's motion which was to join it as a defendant, nunc pro tunc, in Action No. 1, and deemed the supplemental summons and amended complaint dated June 15, 1995, to be served upon it, nunc pro tunc.

Ordered that the orders dated June 30, 1997, are affirmed; and it is further,

Ordered that the order dated August 26, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 26, 1997, is reversed insofar as cross-appealed from, and that branch of the plaintiff's motion which was to join Emory University School of Medicine as a defendant, nunc pro tunc, in Action No. 1 and deem the supplemental summons and amended complaint dated June 15, 1995, to be served upon it, nunc pro tunc, is denied; and it is further,

Ordered that the Rector and Visitors of the University of Virginia, the University of Maryland Medical Center, and Emory University School of Medicine are awarded one bill of costs, payable by the plaintiff.

The plaintiff alleges that between the years 1966 and 1978, her sister, Stacey Crair, received injections of a human growth hormone (hereinafter HGH), which was contaminated with a virus that caused her to contract Creutzfeldt-Jakob Disease, a degenerative and incurable neurological disease. The complaints in Action No. 1 and Action No. 2 assert causes of action to recover damages for negligence, strict products liability, breach of express and implied warranties, and fraud against various medical centers, hospitals and universities, which allegedly manufactured and/or distributed the contaminated HGH.

Two of the defendants, Rector and Visitors of the University of Virginia (hereinafter the University of Virginia) and the

University of Maryland Medical Center (hereinafter the University of Maryland), moved to dismiss the complaint in Action No. 2 insofar as it was asserted against them on the grounds that the court lacked personal and subject matter jurisdiction. They argued, *inter alia*, that the plaintiff did not comply with the notice requirements of their States' respective Tort Claims Acts (Va Code Annot § 8-01-195.6; Md Code Annot [State Govt] § 12-106). The plaintiff argued in opposition that she had substantially complied with the notice requirements.

New York requires strict compliance with the notice of claim provisions of the New York Court of Claims Act (Court of Claims Act § 10; *see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 547-548). The failure to timely comply with the statutory procedures for serving and filing a claim is a jurisdictional defect (*see, Parochial Bus Sys. v Board of Educ., supra*, at 548; *Voulgarelis v State of New York*, 211 AD2d 675; *Byrne v State of New York*, 104 AD2d 782, 784). Similarly, the States of Virginia and Maryland require strict compliance with the notice provisions of their respective Tort Claims Acts, the failure of which compels dismissal of the claim (*see*, Va Code Annot § 8.01-195.6; Md Code Annot [State Govt] § 12-106 [1] [b]; *Simpson v Moore*, 323 Md 215, 592 A2d 1090; *Halberstam v Commonwealth of Va.*, 251 Va 248, 467 SE2d 783). Contrary to the plaintiff's contention, the notice of claim provisions of Virginia and Maryland do not conflict with or offend those of the New York Court of Claims Act because they serve the similar, important public policy interest of informing State officials of the time and cause of the plaintiff's damages or injuries. Since it is undisputed that the plaintiff failed to strictly comply with the notice provisions by giving proper notice of her claims to the appropriate governmental entities of Virginia and Maryland, and inasmuch as the notice of claim procedures of those States are consistent with New York's policies, the doctrine of comity dictates the enforcement of the foreign legislation (*see, Ehrlich-Bober & Co. v University of Houston*, 49 NY2d 574, 580-581; *compare, Morrison v Budget Rent A Car Sys.*, 230 AD2d 253). Under the circumstances, the Supreme Court did not err in dismissing the complaint in Action No. 2 insofar as asserted against these defendants.

In Action No. 1, the plaintiff moved, *inter alia*, to dismiss the affirmative defense of improper service of process asserted by the defendant Emory University School of Medicine (hereinafter Emory). Although the Supreme Court initially denied the plaintiff's motion, upon reargument, the court adhered to its original determination that Emory was not

properly served but granted the plaintiff's alternative request to join Emory as a defendant nunc pro tunc. It is undisputed that the plaintiff failed to obtain leave pursuant to CPLR 3025 (b) and 1003 prior to serving the amended summons and complaint that purportedly joined Emory as a defendant. Generally, unless there has been a waiver, the failure to obtain leave of the court constitutes a jurisdictional defect requiring dismissal of the action against the party so joined (*see, Gross v BFH Co.,* 151 AD2d 452). Since Emory did not engage in any conduct sufficient to constitute a waiver of its right to object to the improper joinder, the branch of the plaintiff's motion which was to join it as a defendant, nunc pro tunc, in Action No. 1 and deem the supplemental summons and amended complaint dated June 15, 1995, to be served upon it, nunc pro tunc, is denied (*see, Yonker v Amol Motorcycles,* 161 AD2d 638; *Gross v BFH Co., supra*). S. Miller, J. P., Ritter, Goldstein and Luciano, JJ., concur.