■ Lisa D. Crair, Respondent, v Brij B. Saxena et al., Respondents, and New England Medical Center Hospitals, Inc., Appellant. (And Another Action.) [715 NYS2d 739] —In an action to recover damages for personal injuries and wrongful death, the defendant New England Medical Center Hospitals, Inc., appeals from an order of the Supreme Court, Kings County (Barasch, J.), which denied its motion pursuant to CPLR 3211 to dismiss the complaint and all cross claims insofar as asserted against it on the ground that the court does not have personal jurisdiction over it.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that her sister received injections of a human growth hormone (hereinafter HGH), which were contaminated with a virus that caused a degenerative neurological disease which eventually led to her death. The complaint names as defendants several medical centers, hospitals, and universities, which allegedly manufactured and/or distributed the contaminated HGH. On a prior appeal, this Court, *inter alia*, affirmed the dismissal of the complaint insofar as asserted against the defendants Rector and Visitors of the University of Virginia and University of Maryland Medical Center on the ground that the plaintiff did not comply with the notice of claim requirements of their States' respective Tort Claims Acts (*see, Crair v Brookdale Hosp. Med. Ctr.,* 259 AD2d 586, *affd* 94 NY2d 524).

On the present appeal, the defendant New England Medical Center Hospitals, Inc. (hereinafter NEMCH), contends that the plaintiff failed to satisfy the requirements of CPLR 302 (a) (3) (ii), which provides, in relevant part, that "a court may exercise personal jurisdiction over any non-domiciliary * * * who in

person or through an agent * * * commits a tortious act without the state causing injury to person or property within the state * * * if [he or she] * * * expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

It is undisputed that the alleged tortious act, i.e., the production and distribution of contaminated HGH, occurred outside the State and the injury to the deceased occurred within the State. Moreover, NEMCH conceded that it derived substantial revenue from interstate commerce. With respect to the element of foreseeability, the record reveals that an employee of NEMCH, Dr. Maurice S. Raben, was actively involved in a nationwide program for the production and distribution of HGH. Under the circumstances, NEMCH, through Dr. Raben, expected or reasonably should have expected consequences in New York resulting from the intended distribution of HGH to New York patients (see, Darienzo v Wise Shoe Stores, 74 AD2d 342; cf., Ingraham v Carroll, 90 NY2d 592).

Accordingly, the Supreme Court properly determined that it had personal jurisdiction over NEMCH. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.