■ CHRISTOPHER NAPOLITANO, an Infant, by His Father and Natural Guardian, FIORE NAPOLITANO, JR., et al., Plaintiffs, v MASTIC BICYCLES & FITNESS CO., INC., Doing Business as SMITH POINT BIKES, INC., et al., Defendants, and BELL SPORTS, INC., Defendant and Third-Party Plaintiff-Respondent. KINESIS INDUSTRIAL COMPANY, LTD., Third-Party Defendant-Appellant. [719 NYS2d 113] —In an action to recover damages for personal injuries, etc., the third-party defendant, Kinesis Industrial Company, Ltd., appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 21, 1999, which denied, with leave to renew, its motion, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint, and granted the cross motion of the third-party plaintiff, Bell Sports, Inc., pursuant to CPLR 3211 (c) for leave to conduct discovery on the issue of personal jurisdiction and service of process.

Ordered that the order is affirmed, with costs.

The infant plaintiff Christopher Napolitano was allegedly

injured when the frame of the bicycle he was riding broke in at least two places. The plaintiffs commenced an action against, among others, Mongoose Bicycle Company, Inc., a Division of Bell Sports, Inc., as the distributor of the bicycle. Bell Sports, Inc. (hereinafter Bell), subsequently commenced a third-party action against Kinesis Industrial Company, Inc. (hereinafter Kinesis), a Taiwanese corporation, as the alleged manufacturer of the bicycle frame in question. Before discovery, Kinesis moved to dismiss the third-party complaint on the ground of the lack of personal jurisdiction. Bell opposed, asserting that the long-arm jurisdiction afforded under CPLR 302 (a) (3) (ii) subjected Kinesis to the jurisdiction of the New York courts.

It is well settled that a nondomiciliary may be subjected to suit if, *inter alia*, the sale of one of its products arises from the efforts of the manufacturer or distributor to serve directly the market for its product in other countries or States, and its allegedly defective merchandise has been a source of injury (*see,* CPLR 302 [a] [3] [ii]; *World-wide Volkswagen Corp. v Woodson,* 444 US 286; *LaMarca v Pak-Mor Mfg. Co.,* 95 NY2d 210). The Supreme Court properly concluded that Bell submitted sufficient facts to demonstrate that Kinesis engaged in activities which made it at least foreseeable that its products would be marketed and found in New York, thereby possibly subjecting it to personal jurisdiction (*see, LaMarca v Pak-Mor Mfg. Co., supra; Peterson v Spartan Indus.,* 33 NY2d 463; *Cordero v City of New York,* 236 AD2d 577). Thus, Bell is entitled to discovery on the issue of personal jurisdiction and service of process with leave to Kinesis to renew its motion to dismiss upon the completion of discovery. Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.