■ CHRISTOPHER DREXLER et al., Plaintiffs, v HIGHLIFT, INC., Defendant and Third-Party Plaintiff-Respondent. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent; LULL INDUSTRIES, INC., Third-Party Defendant-Appellant. [744 NYS2d 894] —In an action to recover damages for personal injuries, etc., the third-party defendant Lull Industries, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated June 5, 2001, as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.

The third-party defendant Lull Industries, Inc. (hereinafter Lull), moved for summary judgment dismissing the third-party

complaint and all cross claims insofar as asserted against it on the ground of lack of personal jurisdiction. The defendant third-party plaintiff-respondent, Highlift, Inc. (hereinafter Highlift), and the third-party defendant-respondent, New York City Transit Authority (hereinafter the NYCTA), opposed the motion, asserting that the long-arm jurisdiction afforded under CPLR 302 (a) (3) (ii) subjected Lull to the jurisdiction of New York courts.

A non-domiciliary may be subject to suit if "the sale of one of its products arises from the efforts of the manufacturer or distributor to serve directly the market for its product in other countries or States, and its allegedly defective merchandise has been a source of injury" (*Napolitano v Mastic Bicycles & Fitness Co.,* 279 AD2d 461, 462; *see* CPLR 302 [a] [3] [ii]; *World-Wide Volkswagen Corp. v Woodson,* 444 US 286; *LaMarca v Pak-Mor Mfg. Co.,* 95 NY2d 210). Here, Highlift and the NYCTA submitted sufficient facts to demonstrate that Lull engaged in activities which made it foreseeable that its products would be marketed and found in New York, thereby subjecting it to long-arm jurisdiction.

Lull's remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.