Boris v Bock Water Heaters (2004 NY Slip Op 24108)

Boris v Bock Water Heaters

2004 NY Slip Op 24108 [3 Misc 3d 835]

March 4, 2004

Supreme Court, Suffolk County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 7, 2004

[*1]
Carl Boris, Plaintiff,
v
Bock Water Heaters, Inc., et al., Defendants.
Supreme Court, Suffolk County, March 4, 2004

APPEARANCES OF COUNSEL

Kardisch, Link & Assoc., P.C., Rockville Centre (Beth L. Rogoff of counsel), for Bock Water Heaters, Inc., defendant. Swidler Berlin Shereff Friedman, New York City (Adam B. Rowland and Robert W. Topp of counsel), and Jason R. Scherr, of the Washington, D.C. Bar, admitted pro hac vice, for Perfection Corporation, defendant. Edward Sivin, New York City, for plaintiff.

{**3 Misc 3d at 836} OPINION OF THE COURT

Ralph F. Costello, J. 
The case at bar raises the often visited and sometimes problematic issue of the parameters of New York's long-arm jurisdiction.
The defendants Bock Water Heaters, Inc., and Perfection Corporation have moved for an order pursuant to CPLR 3211 (a) (8) dismissing the complaint and any cross claims against them for lack of personal jurisdiction. The defendant Bock additionally moves for dismissal pursuant to CPLR 3211 (a) (5) and (7) on the grounds that a cause of action has not been stated, and that plaintiff's contractually based claims are barred by the statute of limitations.
Plaintiff sued defendant Bock, a Wisconsin corporation, and defendant Perfection, a Delaware corporation, alleging that as a result of his ingestion of plastic particles found in his home's water supply he experienced repeated and severe bouts of diverticulitis eventually requiring surgery. Plaintiff maintains that the plastic particles which contaminated his drinking supply came {**3 Misc 3d at 837}from his home's Bock water heater and were the result of the premature disintegration of a "dip tube" which is a component part located inside the Bock water heater. The dip tube was supplied to Bock by Perfection.
Perfection is a Delaware corporation and manufactures component parts to the specifications of industrial customers. Its principal place of business is in Madison, Ohio. The company has no property, offices, plants or other facilities in this state. One of the component parts that Perfection manufactures for certain customers is a cold water inlet tube commonly [*2]known as a "dip tube." Dip tubes are used in residential and commercial hot water heaters to bring cold water into the heating element. Perfection supplies dip tubes to water heater manufacturers including Bock. Bock is a Wisconsin corporation with its principal place of business and manufacturing facilities in Madison, Wisconsin. Like Perfection, Bock has no property, offices, plants or other facilities in this state.
New York's long-arm statute which is found in CPLR 302 (a) provides in pertinent part:
"[A] court may exercise personal jurisdiction over any non-domiciliary . . . who . . .
"3. Commits a tortious act without the state causing injury to person or property within the state . . . if he . . .
"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 302 [a] [3] [ii]).
It is undisputed that the alleged tortious acts occurred outside the state and the injury to the plaintiff occurred within the state. Moreover, no one disputes that both defendants Bock and Perfection derive substantial revenue from interstate commerce. The question is whether either of these defendants could reasonably have expected that its conduct would "have consequences in this state" which presents the salient issue in this case.
Although Bock is a Wisconsin corporation, it markets and sells its water heaters to all 50 states, including New York. Bock's Web site presents its visitors with a map of all 50 states and enables them to click on any state, including New York, to purchase a Bock water heater in that state.
On the other hand, it appears that Bock does not sell or ship its water heaters directly to New York, but rather utilizes independent{**3 Misc 3d at 838} sales representatives. The sales representative for the area which includes New York is Altherm, a New Jersey based entity, which is neither owned, controlled nor managed by Bock. Bock focuses on this fact as a principal argument for evading jurisdiction in our state.
This court finds, however, that CPLR 302 (a) (3) (ii) was satisfied in this case as to defendant Bock, notwithstanding its utilization of an out-of-state distributor. Clearly, Bock, a national leading manufacturer selling its products in all 50 states, expected or should have expected that a defect in its product would have consequences in New York. Indeed, neither of the Bock representatives who submitted affidavits on this motion denied that the company expected, let alone knew, that a defect in its product would have New York consequences. The utilization of an out-of-state distributor does not change this fact, and, accordingly, this court has no difficulty in finding Bock within the reach of New York's long-arm statute. The question now turns to whether Bock's actions satisfy the federal due process prerequisites for a state's assertion of personal jurisdiction. Due process requires that a defendant have "minimum contacts" with the foreign state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" (see, International Shoe Co. v Washington, 326 US 310, 316 [1945]). The Supreme Court has explicitly declared that "the foreseeability that is critical to due process [*3]analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (See World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297 [1980].) The foreseeability requirement is itself restricted by the purposeful affiliation requirement (see, Darienzo v Wise Shoe Stores, 74 AD2d 342, 346 [1980]). There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (see, Hanson v Denckla, 357 US 235, 253 [1958]).
The most recent pronouncement from our Court of Appeals addressing long-arm jurisdictional issues is found in LaMarca v Pak-Mor Mfg. Co. (95 NY2d 210 [2000]). In LaMarca, the Court of Appeals upheld jurisdiction over a Texas manufacturer which was engaged in interstate commerce because the defendant corporation "itself forged the ties with New York," and "took purposeful {**3 Misc 3d at 839}action, motivated by an entirely understandable wish to sell its products here" (LaMarca at 217). In the case at bar, the same can be said with regard to Bock. Bock ran a Web site specifically soliciting a New York audience and then directed sales inquiries to its distributor Altherm. While the Court of Appeals in LaMarca did note that the defendant in that case had a New York based distributor and district representative, this court does not believe that that one factor was dispositive of the Court's holding. Quoting the United States Supreme Court decision in World-Wide Volkswagen (supra), LaMarca held:
"If the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others" (LaMarca v Pac-Mor Mfg. Co., 95 NY2d at 217, supra, quoting World-Wide Volkswagen Corp. v Woodson, 444 US at 297, supra).
Critical within that passage is the terminology "to serve directly or indirectly" the foreign market. In the case at bar, while Bock chose to utilize a distributor based out of state, the record clearly supports the inference that Bock through the use of its Internet site in conjunction with its distributor was knowingly and purposefully attempting to reach a New York market, albeit indirectly (see, World-Wide Volkswagen Corp. v Woodson, 444 US at 297; Hanson v Denckla, 357 US 235, 253 [1958]; see also, Burger King Corp. v Rudzewicz, 471 US 462, 475 [1985]). Unlike[*4]World-Wide Volkswagen Corp. (supra), where the plaintiff customer chose to drive to the foreign state (444 US at 288, 295) or in Kulko v Superior Ct. of Cal. (436 US 84, 86-87), where, in a child support case, the plaintiff former spouse chose to settle in the former state, contact with New York was certainly not happenstance, but rather planned and self-initiated. Moreover, Bock is not a foreign based entity (cf., Asahi Metal Indus. Co. v Superior Ct. of Cal., 480 US 102 [1987]), but rather like the defendant in LaMarca (supra), is a United States corporation fully familiar with this country's legal system. In fact, Bock even holds a membership in a New York based industry association, the Oil Heat Institute of Eastern New York. Under the circumstances of this case, the maintenance of this {**3 Misc 3d at 840}action in New York does not offend "traditional notions of fair play and substantial justice" as, indeed, an opposite result would, in fact, do so. (See, Burger King Corp. v Rudzewicz, supra at 476; see also, International Shoe Co. v Washington, 326 US at 320.)
The jurisdictional issues with regard to Perfection, however, are far more problematic. Perfection is an out-of-state corporation that supplies component parts to an out-of-state manufacturer. Thus, Perfection is two steps removed from the introduction of the complete product into the New York market. Moreover, unlike Bock there is no evidence that Perfection directly solicited sales for its dip tube product on its Internet Web site. Perfection, by its own admission, sold over 24 million dip tubes to 90% of the United States water heater manufacturers, and plaintiff points to Perfection's boast contained on its Web site that "[i]f you purchase a water heater in the United States or Canada it will probably contain Perfection components." Foreseeability, however, that a product might or even probably will land in a foreign state is insufficient, in and of itself, under a due process analysis to confer personal jurisdiction. "[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State" (see World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297 [1980]; see also, Asahi Metal Indus. Co. v Superior Ct. of Cal., 480 US 102 [1987]). Due process requires a showing that the defendant also have some "purposeful affiliation" with the foreign state (see, Martinez v American Std., 91 AD2d 652 [1982]). The record before the court does not support such a finding at this time. Perfection admits, however, that it sells and ships unrelated goods into New York and, as is evident from its Web site, Perfection markets its products nationwide. The nature and extent of these sales and shipments are unknown at this time, and may support jurisdiction. Certainly, plaintiff has submitted sufficient facts that Perfection engaged in activities which made it at least foreseeable that its products would be marketed and found in New York, thereby possibly subjecting it to personal jurisdiction (see, Napolitano v Mastic Bicycles & Fitness Co., 279 AD2d 461 [2001]; Drexler v Highlift, Inc., 296 AD2d 434 [2002]; Crair v Saxena, 277 AD2d 275 [2000]). Where, as here, a defendant moves to dismiss on jurisdictional grounds before discovery is complete, the Court of Appeals has held that "[t]he opposing party need only demonstrate that facts 'may exist' whereby to defeat the motion. It need {**3 Misc 3d at 841}not be demonstrated that they do exist. This obviously must await discovery" (see, Peterson v Spartan Indus., 33 NY2d 463, 466 [1974]). A prima facie showing of jurisdiction is not even required, particularly for one seeking to confer jurisdiction under the long-arm statute (see, Peterson, supra at 467). All that is required is that the opposing party "made a sufficient start" (id.; see also, Cordero v City of New York, 236 AD2d 577 [1997]; Cosmos Mason Supplies v Lido Beach Assoc., 95 AD2d 818 [1983]). Accordingly, the court finds that plaintiff is entitled to discovery on the issue of personal jurisdiction with leave to Perfection to renew its [*5]motion to dismiss upon completion of discovery (see, Napolitano, supra at 462; see also, Amigo Foods Corp. v Marine Midland Bank-N.Y., 39 NY2d 391 [1976]). As noted in LaMarca (supra), New York has an interest in providing a convenient forum for a New York resident who was allegedly injured in New York, and it would be more orderly to allow plaintiff to sue all named defendants in a single action which would promote "the interstate judicial system's shared interests in obtaining the most efficient resolution of the controversy" (LaMarca, supra at 219).
Defendant Bock's motion to dismiss pursuant to CPLR 3211 (a) (5) on the ground that a cause of action has not been stated is denied, as the movants have failed to set forth prima facie entitlement to a dismissal on the substantive merits of the case (see, Davis v CCF Capital Corp., 277 AD2d 342 [2000]). Defendant Bock's motion pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's contractually based claims as barred by the statute of limitations is granted unopposed.