# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

336

CA 12-01868

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

SHAWN HALAS, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

DICK'S SPORTING GOODS, DEFENDANT,
AND BIG DOG TREESTANDS, INC.,
DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL),
FOR DEFENDANT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 9, 2012. The order, among other things, denied the motion of defendant Big Dog Treestands, Inc. to dismiss the complaint pursuant to CPLR 3211 (a) (8).

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained when he fell from a tree stand manufactured by Big Dog Treestands, Inc. (defendant) and sold by defendant Dick's Sporting Goods (Dick's). Defendant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint against it based on lack of personal jurisdiction, and Supreme Court denied the motion. We affirm.

A foreign corporation is amenable to suit in New York courts under CPLR 302 (a) (1) if it "transacts any business within the state or contracts anywhere to supply goods or services in the state." Typical business transactions include sales, soliciting customers, contracting, providing services, and shipping products into the state (*see e.g. George Reiner & Co. v Schwartz*, 41 NY2d 648, 653; *Symenow v State St. Bank & Trust Co.*, 244 AD2d 880, 880-881). Additionally, the assertion of personal jurisdiction may be reasonable where a party maintains a website that "provides information, permits access to [email] communication, describes the goods or services offered, downloads a printed order form, or allows online sales with the use of a credit card, and sales are, in fact, made . . . in this manner in the forum state" (*Grimaldi v Guinn*, 72 AD3d 37, 50). Although " 'the ultimate burden of proof rests with the party asserting jurisdiction,

. . . in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), [plaintiff] need only make a prima facie showing that the defendant . . . was subject to the personal jurisdiction of . . . Supreme Court' " (*Constantine v Stella Maris Ins. Co., Ltd.*, 97 AD3d 1129, 1130).  We conclude that plaintiff met that burden.

Here, defendant had an exclusive distributorship agreement with Dick's, and maintained a website that provided information relating to its products, directed consumers to retail locations where they could purchase the products, and allowed for the direct purchase of the products through a credit card.  Therefore, defendant was transacting business in New York through the use of its website, and the court properly concluded that there is long-arm jurisdiction under CPLR 302 (a) (1).

We also conclude in any event that defendant is subject to long-arm jurisdiction pursuant to CPLR 302 (a) (3) (ii).  Under that provision, courts "may exercise personal jurisdiction over any non-domiciliary . . . who . . . commits a tortious act without the state causing injury to person . . . within the state . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  "The conferral of jurisdiction under [that] provision rests on five elements:  First, that defendant committed a tortious act outside the State; second, that the cause of action arises from that act; third, that the act caused injury to a person or property within the State; fourth, that defendant expected or should reasonably have expected the act to have consequences in the State; and fifth, that defendant derived substantial revenue from interstate or international commerce" (*LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 214).

The first three elements are met based on plaintiff's allegations that defendant committed a tortious act outside New York by manufacturing the product that caused plaintiff's injuries after he purchased and used the product in New York.  With respect to the fourth element, we conclude that defendant should have reasonably expected that its negligence would have consequences in individual states, including New York, because its distributor targets the nationwide market (*see Crair v Saxena*, 277 AD2d 275, 276).  While the tree stand was not specifically earmarked for use in New York, defendant sold it to a company that distributes products to states across the country, including New York (*see generally Martinez v American Std.*, 91 AD2d 652, 653-654, *affd* 60 NY2d 873).  By virtue of what was an exclusive distribution agreement with Dick's, which has locations in 36 states including New York, defendant could have reasonably foreseen that its product would have an impact in any state where Dick's distributed the product, including New York (*see Crair*, 277 AD2d at 276).  Finally, with respect to the fifth element, i.e., whether defendant derived substantial revenue from interstate commerce, we conclude that, in the context of this motion to dismiss, plaintiff is entitled to jurisdictional discovery on the fifth element because he "established that facts may exist to exercise personal jurisdiction over [defendant] . . . , and made a sufficient start to

warrant further disclosure on the issue of whether personal jurisdiction may be established over [defendant]" (*Williams v Beemiller, Inc.*, 100 AD3d 143, 154, *amended on rearg* 103 AD3d 1191 [internal quotation marks omitted]).

Having concluded that defendant's relationship with New York comes within the terms of CPLR 302, we must next determine whether "the exercise of jurisdiction comports with due process" (*LaMarca*, 95 NY2d at 214; *see Constantine*, 97 AD3d at 1132), i.e., whether defendant has the requisite minimum contacts with New York (*see LaMarca*, 95 NY2d at 216), and whether the "prospect of defending [this action] . . . comport[s] with traditional notions of fair play and substantial justice" (*id.* at 217 [internal quotation marks omitted]). We conclude that, in light of defendant's website and exclusive distributorship agreement, the exercise of jurisdiction over defendant comports with due process (*see Andrew Greenberg, Inc. v Sirtech Can., Ltd.*, 79 AD3d 1419, 1422-1423).

Moreover, the court did not abuse its discretion in accepting late responding papers from plaintiff inasmuch as the court determined that plaintiff had demonstrated a " 'valid excuse' " for the delay (*Associates First Capital v Crabill*, 51 AD3d 1186, 1188, *lv denied* 11 NY3d 702; *see* CPLR 2214 [b]; *Mallards Dairy, LLC v E&M Engrs. & Surveyors, P.C.*, 71 AD3d 1415, 1416). Notably, the delay was minimal and there was no showing of prejudice to defendant (*see Associates First Capital*, 51 AD3d at 1187-1188). Additionally, the court did not err in considering the affidavit submitted by plaintiff's attorney in opposition to the motion (*see generally Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414; *Leon v Martinez*, 84 NY2d 83, 87-88).

Finally, contrary to defendant's contention, plaintiff had the option of serving defendant under either Business Corporation Law § 307 or CPLR 311 and thus properly served defendant under CPLR 311 (*see Hessel v Goldman, Sachs & Co.*, 281 AD2d 247, 247-248, *lv dismissed in part and denied in part* 97 NY2d 625). CPLR 311 (a) (1) determines the method of service upon any domestic or foreign corporation, and provides that "[a] business corporation *may also* be served pursuant to [Business Corporation Law §§ 306 or 307]" (emphasis added). Here, service was properly effected under CPLR 311 because plaintiff personally served defendant's authorized agent for service in accordance with CPLR 311 (a) (1) and thus, contrary to defendant's contention, plaintiff was not required to comply with the provisions of Business Corporation Law § 307 (*see Van Wert v Black & Decker*, 246 AD2d 773, 774; *cf. Flick v Stewart-Warner Corp.*, 76 NY2d 50, 57, *rearg denied* 76 NY2d 846).

Entered:  April 26, 2013                      Frances E. Cafarell
                                              Clerk of the Court