Pyle v 260-261 Madison Ave. LLC (2024 NY Slip Op 03466)

Pyle v 260-261 Madison Ave. LLC

2024 NY Slip Op 03466

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 157898/17, 154601/18, 151809/18, 162167/15, 162502/15 Appeal No. 2547 Case No. 2023-05901 

[*1]Craig Pyle, et al., Plaintiffs-Respondents,
v
260-261 Madison Avenue LLC, et al., Defendants-Respondents, Marine & Industrial Supply Company, Inc., Doing Business as Marine & Industrial Testing Solutions, Defendant-Appellant. (And Other Third-Party Actions.)

Cascone & Kluepfel, LLP, Farmingdale, (Howard B. Altman of counsel), for appellant.
Litchfield Cavo LLP, New York (Carol Lee Chevalier of counsel), for 260-261 Madison Avenue, LLC, SFM Construction LLC and ASRR Construction, LLC, respondents.
Finazzo Cossolini O'Leary Meola & Hager, LLC, New York (Robert B. Meola of counsel), for 260-261 Madison Avenue, LLC, respondent.
Pillinger Miller Tarallo, New York (Steven H. Kaplan of counsel), for Skylift Contractor Corp, respondent.
Gordon Rees Scully Mansukhani, LLP, Harrison (Michael J. Schacher of counsel), for Hanes Supply, Inc, respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 5, 2023, which, to the extent appealed from as limited by the briefs, denied the motions of defendant, also named as third-party defendant, second third-party defendant, and third third-party defendant, Marine & Industrial Supply Company, Inc. d/b/a Marine & Industrial Testing Solutions (Marine) to dismiss the complaints against it for lack of personal jurisdiction, unanimously reversed, on the law, without costs, and Marine's motions granted. The Clerk is directed to enter judgment dismissing the complaints as against Marine.
In May 2015, a 20,000-pound HVAC unit that was being hoisted fell 30-stories to the ground after Marine's sling that cradled the HVAC unit was allegedly severed due to a sharp edge of the HVAC unit. The accident allegedly caused personal injuries, property damage, and loss of business in the area. Marine is named variously as defendant, third-party defendant, second third-party defendant, and third third-party defendant in five separate actions arising from the accident.
On these motions to dismiss by Marine for lack of personal jurisdiction, the opponents to Marine's motions did not meet their burden to show facts as would support a finding of personal jurisdiction under CPLR 302(a)(3) (see Matter of James v iFinex Inc., 185 AD3d 22, 28-29 [1st Dept 2020]). Marine cannot be said to do or solicit business regularly in New York, engage in any persistent course of conduct in New York, or derive substantial revenue from New York (see CPLR 302[a][3][i]). Product sales in New York were minimal or nonexistent in most years from 2014 through 2018 and income derived from Marine's New York sales represented, at most, one-tenth of 1% of its total revenue for the years 2014 through 2018 combined (see Murdock v Arenson Intl. USA, 157 AD2d 110, 113-114 [1st Dept 1990]).
Neither has it been shown that Marine should have expected or had reason to expect its alleged tortious activity in manufacturing a defective sling in Alabama would have directconsequences in New York (see CPLR 302[a][3][ii]; LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214-215 [2000]). In 2008, Marine sold the sling to an entity in Connecticut, which in turn sold it to another entity in New York. There was no demonstrated reason for Marine reasonably to expect that the sling would end up in New York years later (see Murdock, 157 AD2d at 114; Martinez v American Std., 91 AD2d 652, 653-654 [2d Dept 1982], affd 60 NY2d 873 [1983]). "[T]he Supreme Court of the United States has made clear that 'the fortuitous circumstance that a product sold in another state later makes its way into the forum jurisdiction through no marketing or other effort of the defendant,' or 'the mere likelihood that a product will find its way into the forum, cannot establish the requisite connection between the defendant and the forum' to support an exercise of specific personal jurisdiction" (Cruz v City of New [*2]York, 210 AD3d 523, 524 [1st Dept 2022], quoting Williams v Beemiller, Inc., 33 NY3d 523, 528-529 [2019]). The sales and purported marketing on which the opponents rely all took place years after the sale and thus do not show that consequences in New York were reasonably foreseeable at the time (Cruz, at 524-525).
In view of the absence of personal jurisdiction over Marine, the issue of due process need not be reached (see id. at 525).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024