Jasen, J.
 

 We are called upon to decide whether a plaintiff must establish
 
 “
 
 prima facie jurisdiction ” under CPLR 302, the “ long arm ” statute, before disclosure may be allowed in a hearing, ordered pursuant to CPLR 3211 (subd. [d]), on a
 
 *465
 
 foreign corporation’s motion to dismiss for lack of personal jurisdiction.
 

 The plaintiff Joseph Peterson was burned while using a garden torch, the fuel for which was manufactured by the appellant Guard All Chemical Company, Inc., a Connecticut corporation. In this action to recover damages for personal injuries and loss of services, the plaintiff and his wife sued Guard All and six other named defendants allegedly involved in the manufacture, assembly and sale of the garden torch.
 

 Appellant was served with the summons and complaint in Connecticut. Contending that it did not transact business in New York, appellant moved for a dismissal of the complaint, pursuant to CPLR 3211 (subd. [a], par. 8), for lack of personal jurisdiction. Plaintiffs cross-moved for an order of continuance and production of records pursuant to CPLR 3211 (subd. [d]), “on the grounds ‘ that facts essential to justify opposition [to defendant’s motion] may exist but cannot be stated. ’ ” Without referring to the cross motion, Special Term directed a hearing before a Special Referee on the issue of jurisdiction, while holding appellant’s motion to dismiss in abeyance.
 

 While the matter was still pending before the Referee and prior to determination of the motion to dismiss, plaintiffs served a notice of discovery and inspection. Appellant moved for a protective order to vacate the notice, which was denied.
 

 The Appellate Division affirmed this order. Two Justices dissented in part and would have granted the appellant’s motion for a protective order, being of the view that a prima facie showing of jurisdiction was required before disclosure is allowed pursuant to CPLR 3211 (subd. [d]).
 

 CPLR 3211 (subd. [d]) provides: “(d) Pacts unavailable to opposing party. Should it appear from affidavits submitted in opposition to a motion made under subdivision (a) or (b) that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion, allowing the moving party to assert the objection in his responsive pleading, if any, or may order a continuance to permit further affidavits to be obtained or disclosure to be had and may make such other order as may be just.”
 

 
 *466
 
 This rule was adapted from subdivision (f) of rule 56 of the Federal Rules of Civil Procedure.
 
 [1]
 
 The Federal rule is addressed to motions for summary judgment. It allows a party not having any specific material contradicting his adversary’s presentation to survive a motion for summary judgment by presenting reasons to justify his failure of proof. The rule acts as a safeguard against an improvident or premature grant of summary judgment and has been applied with a spirit of liberality in the Federal courts. (E.g.,
 
 Slagle
 
 v.
 
 United States,
 
 228 F. 2d 673, 678-679;
 
 Berne St. Enterprises
 
 v.
 
 American Export Isbrandtsen Co.,
 
 289 F. Supp. 195, 196-197.) A rule 56 (subd. [f]) affidavit need not contain evidentiary facts going to the merits of the controversy. A sworn statement explaining why these facts cannot be stated is sufficient. (B. Kaplan, Amendments of the Federal Rules of Civil Procedure, 1961-1963 [II], 77 Harv. L. Rev. 801, 826.) Discovery in aid of opposing the motion for summary judgment is expressly sanctioned.
 
 (First Nat. Bank
 
 v.
 
 Cities Serv.,
 
 391 U. S. 253, 290-299.) Similarly, subdivision (d) of rule 12 of the Federal Rules of Civil Procedure allows the court to hold in abeyance a motion to dismiss for lack of personal jurisdiction (Fed. Rules of Civ. Pro., rule 12, subd. [b]) to enable the parties to employ discovery on the jurisdictional issue.
 
 (Fraley
 
 v.
 
 Chesapeake & Ohio Ry. Co.,
 
 397 F. 2d 1, 3;
 
 Surpitski
 
 v.
 
 Hughes-Keenan Corp.,
 
 362 F. 2d 254, 255-256;
 
 Goldstein
 
 v.
 
 Compudyne Corp.,
 
 262 F. Supp. 524, 527-528.)
 

 The practice under CPLR 3211 (subd. [d]) is quite analogous. (See
 
 Potter Real Estate Co.
 
 v.
 
 O & S Bearing & Mfg. Co.,
 
 32 A D 2d 883.) It protects the party to whom essential jurisdictional facts are not presently known, especially where those facts are within the exclusive control of the moving party. The opposing party need, only demonstrate that facts
 
 “
 
 may exist ” whereby to defeat the motion. It need not be demonstrated that they
 
 do
 
 exist. This obviously must await discovery.
 

 
 *467
 
 This is exactly the situation before us. The court, in directing a hearing before a Referee on the question of personal jurisdiction, has held the motion to dismiss in abeyance and has permitted the opposing party discovery and inspection within the hearing before the Referee. Plaintiffs have demonstrated that facts
 
 “
 
 may exist ” in opposition to the motion to dismiss and are therefore entitled to the disclosure expressly sanctioned by OPLR 3211 (subd. [d]). A prima facie showing of jurisdiction, as urged by the dissenters at the Appellate Division, simply is not required and in actual practice, even assuming a workable definition, may impose undue obstacles for a plaintiff, particularly one seeking to confer jurisdiction under the ‘ ‘ long arm ” statute. (OPLR 302.) In these cases especially, the jurisdictional issue is likely to be complex. Discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits.
 

 Here, plaintiffs have produced at the hearing before the Referee, records of the City of New York Fire Department indicating the appellant had represented that the Fire Department had approved the storage and use of the product involved, when in point of fact, no such approval had been given. Moreover, it was established that the appellant applied for several permits and received permission to sell and store some of its products in New York, albeit some years before the event alleged in the complaint.
 

 We believe the plaintiffs have made a sufficient start, and shown their position not to be frivolous.
 
 (Surpitski
 
 v.
 
 Hughes-Keenan Corp.,
 
 362 F. 2d 254,
 
 supra.)
 
 They should have further opportunity to prove other contacts and activities of the defendant in New York as might confer jurisdiction under the long-arm statute, thus enabling them to oppose the motion to dismiss.
 

 Accordingly, we affirm the order of the Appellate Division and answer the question
 
 [2]
 
 certified to us in the affirmative. We note, however, that plaintiff’s notice of discovery is overly broad in scope. Therefore, our affirmance is without prejudice
 
 *468
 
 to defendant reapplying, if so advised, to Special Term for a protective order appropriately limiting disclosure to that which is reasonably related to the jurisdictional issue.
 

 Chief Judge Bbeitel and Judges Gabbielli, Jones, Babin and Stevens concur; Judge Wachtleb taking no part.
 

 Order affirmed, without costs. Question certified answered in the affirmative.
 

 [1]
 

 . Rule 56. Summary judgment.
 
 “
 
 (f) When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
 

 [2]
 

 . The following question was certified to us:
 
 “
 
 Was the order of the Supreme Court as affirmed by this Court, properly made?
 
 ”
 
 The Appellate Division further stated that its determination was made as a matter of law and not in the exercise of discretion.