■ INTERNATIONAL VITAMIN CORPORATION, Appellant, v AMERICAN MEDICINAL CORP. et al., Respondents.—In an action, *inter alia,* to recover damages suffered by the plaintiff when it was allegedly prevented from collecting a judgment against defendant American Medicinal Corp., plaintiff appeals from (1) an order of the Supreme Court, Nassau County, entered October 12, 1976, which, *inter alia,* granted defendants' motion to dismiss the complaint, except from so much thereof as granted leave to plaintiff to apply to the court within 20 days for permission to serve an amended complaint, and (2) a further order of the same court, entered May 24, 1977, which (a) granted reargument of a prior order dated January 27, 1977 and (b) upon reargument, vacated that prior order and denied plaintiff's application for leave to serve an amended complaint, without prejudice to a further application for such relief. Orders reversed insofar as they granted the defendants' motions to dismiss the complaint and denied the plaintiff's application for leave to serve an amended complaint, with $50 costs and disbursements, and action remanded to Special Term for a *de novo* determination of the motions upon the completion of the discovery proceedings directed herein; discovery is ordered to the extent that an examination before trial of defendant Philip Weinstein shall be held, limited to matters which are reasonably related to the issue of personal jurisdiction. The examination of Philip Weinstein shall proceed at such time and place as shall be fixed in a written notice of not less than 20 days, to be given by the plaintiff, or at such other time and place as the parties may agree. The time within which such notice may be served is extended until 20 days after entry of the order to be made hereon. The examination shall be held either in New York, with the plaintiff paying Mr. Weinstein's reasonable travel and hotel expenses, or in Florida. We believe that the defendants' motion to

dismiss the complaint and the plaintiff's motion for leave to serve an amended complaint should not have been decided without first allowing discovery by the plaintiff, limited to matters which are reasonably related to the issue of personal jurisdiction. The plaintiff has sufficiently shown that its position is not frivolous (see *Peterson v Spartan Ind.,* 33 NY2d 463; CPLR 3211, subd [d]). Hopkins, J. P., Martuscello, Latham and O'Connor, JJ., concur.