■ ACOR PLASTICOVER CO., INC., Appellant, v WONDERFUL PLASTICS INDUSTRY CO., LTD., et al., Respondents.—Order, Supreme Court, New York County, entered February 9, 1978, which denied appellant's motion to substitute Cathay Plastics Industry Co., Ltd., unanimously reversed, on the law and the facts, without costs or disbursements, and the matter remanded for further proceedings in accordance with this memorandum. Plaintiff-appellant, a New York corporation, after receipt of defective goods, brought suit for breach of a sales contract against defendant-respondent Wonderful Plastics, a corporation of the Republic of China (Taiwan). Wonderful did not answer or appear and, following an inquest, a default judgment of $334,130 was entered against Wonderful on June 25, 1975. When appellant attempted to collect on the judgment, it learned that Wonderful had been merged into Cathay Plastics Industry Co., Ltd. Thereupon, appellant moved to substitute Cathay for Wonderful and to reduce the amount of the judgment to reflect its mitigation of damages to $175,000. The Supreme Court, contrary to the report of a Special Referee after a hearing, denied that portion of the motion seeking to substitute the judgment debtor on the ground that prior to merger, respondents Wonderful and Cathay were separate entities, that, therefore, service on Wonderful was not service on Cathay, and that without proper service on Cathay there was no jurisdiction over Cathay to effect substitution. Although respondent Cathay maintains that there is no jurisdiction over it to make such determination, and it appears here only to dispute jurisdiction, it has appeared for that purpose and the court has jurisdiction to determine the facts on which jurisdiction depends. (Cf. *Peterson v Spartan Inds.,* 33 NY2d 463; see *United States v Mine Workers,* 330 US 258 [analogous situation in Federal courts where jurisdiction-to-determine-jurisdiction doctrine is utilized]; cf. *State of New York v Viguerie Co.,* 55 AD2d 534.) By its motion, Cathay did so submit to the court's jurisdiction for that limited purpose. Therefore Special Term should not have dismissed the proceeding for lack of jurisdiction. Special Term should have gone on to determine the propriety of the substitution when viewed in light of the merger agreement and the language thereof, which provided for the assumption of the liabilities of Wonderful, and the question of whether, under the Taiwanese laws of merger, Cathay, as the surviving corporation after the merger, is the same corporation as Wonderful. Determination of these issues at a new hearing will enable the court to rule on the propriety of substitution. Concur—Kupferman, J. P., Fein, Sandler, Markewich and Silverman, JJ.