■ EDWARD W. CARNEY, Plaintiff, v S. E. NICHOLS, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. VALOR HEATING LTD., Third-Party Defendant-Respondent. — Order unanimously reversed, with costs, and motion denied, in accordance with the following memorandum: Defendant third-party plaintiff, Basic Accessories, a New Jersey corporation with offices in that State, manufactures kerosene heaters which are sold by various retail outlets throughout the United States. One of Basic's heaters was sold by defendant third-party plaintiff, Nichols, a New York retailer, to plaintiff. Allegedly, the heater was defective and as a result a fire was ignited in plaintiff's house causing property damage to the house and personal injuries to plaintiff. After the primary action was commenced, defendants Nichols and Basic sought to implead Valor Heating Ltd., a foreign corporation with home offices in Birmingham, England. It was alleged in the third-party complaint that Valor had manufactured and supplied a defective fount and burner assembly for Basic's heater. Valor moved to dismiss the third-party complaint pursuant to CPLR 3211 (subd [a], par 8), lack of personal jurisdiction. In its moving papers it alleged that it did not transact any business in this State or contract to supply goods or services in this State (see CPLR 302, subd [a], par 1). In response, the general manager of Basic executed an affidavit in which he alleged that Valor had manufactured heater parts since 1960 and that in the last three years it had sold over 75,000 such parts to Basic in New Jersey where they were assembled in Basic's heaters and sold to distributors and retailers in New York and throughout the United States; that agents of Valor attend sales conferences in New York and that the Port of New York is the point of entry for parts sold to Basic by Valor. Third-party plaintiffs asked for an opportunity for further disclosure proceedings to determine the issue of jurisdiction. Special Term granted Valor's motion and dismissed the third-party complaint. Third-party plaintiffs' allegations were sufficient to raise questions of fact as to whether personal jurisdiction over Valor could be acquired pursuant to CPLR 302 (subd [a], par 3, cl [i]) which permits personal jurisdiction over a defendant who commits a tortious act outside the State causing injury within the State if defendant "derives substantial revenue from goods used or consumed * * * in the state". Although third-party plaintiffs have not yet requested a finding of jurisdiction based upon CPLR 302 (subd [a], par 3, cl [ii]), it appears that jurisdiction may also be founded upon that section. CPLR 302 (subd [a], par 3, cl [ii]) permits personal jurisdiction over a defendant who commits a tortious

act outside the State causing injury to a person or property in the State if defendant "expects or should reasonably expect the act to have consequences in this state and derives substantial revenue from interstate or international commerce". The order is reversed and a continuance granted to third-party plaintiffs to permit further disclosure (see CPLR 3211, subd [d]; *Peterson v Spartan Inds.,* 33 NY2d 463; *Potter Real Estate Co. v O & S Bearing & Mfg. Co.,* 32 AD2d 883). (Appeal from order of Supreme Court, Oneida County, Roy, J. — dismiss third-party complaint.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Doerr, JJ.