■ PASQUALE TURSO et al., Appellants, v ROBERT J. CONGEL et al., Doing Business as PYRAMID COMPANY OF HOLYOKE, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. HOLYOKE VANGUARD, INC., Defendant and Third-Party Defendant-Respondent, et al., Third-Party Defendants. — In an action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated April 27, 1982 (index Nos. 2540/82 and 2541/82) as granted the motion of defendant third-party defendant Holyoke Vanguard, Inc., to dismiss the complaint for lack of personal jurisdiction, and the defendant third-party plaintiff appeals from so much of that same order as granted Holyoke Vanguard, Inc.'s motion to dismiss the third-party complaint, also for lack of personal jurisdiction. Order reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, complaint and third-party complaint reinstated, matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith. In view of the fact that plaintiffs and defendant third-party plaintiff Pyramid Company of Holyoke demonstrated that facts "may exist" to defeat the motions by defendant third-party defendant Holyoke Vanguard, Inc., to dismiss the complaint and third-party complaint, Special Term should have either denied the motions or ordered a continuance to permit the development of further information relative to the personal jurisdiction issue (see CPLR 3211, subd [d]; *Peterson v Spartan Ind.,* 33 NY2d 463, 466). We note further that plaintiffs' complaint is founded on general negligence theories as well as violations of the Labor Law. Therefore, if personal jurisdiction is ultimately found to exist, the complaint states a good cause of action in common-law negligence even if the choice of laws doctrine

renders New York's Labor Law inapplicable to this Massachusetts construction accident, an issue which we do not now decide. Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.