■ SAMSUNG AMERICA, INC., Appellant, v GS INDUSTRIES, INC., et al., Respondents, et al., Defendant. [717 NYS2d 595] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 23, 2000, which granted the consolidated motions to dismiss as against defendants Stanton Funding LDC, GS Industries, Inc., GS Technologies Corp., Acerco, S. A., Banco Wiese Ltdo. and Wiese Inversiones Financieras, S. A., for lack of personal jurisdiction pursuant to CPLR 302, unanimously affirmed, with costs.

The four-day meeting in New York attended by the non-New York resident defendants, members of a consortium to acquire a steel mill in Peru, did not constitute the kind of purposeful activity within the State that would subject those defendants to jurisdiction pursuant to CPLR 302 (*see, Packer v TDI Sys.*, 959 F Supp 192, 197; *Catsimatidis v Innovative Travel Group*, 650 F Supp 748, 751). The New York meeting was held among defendants and its sole purpose was to finalize the documents required for *defendants'* acquisition of a steel mill in Peru. Plaintiff did not attend the meeting, took no part in the discussions and was not a signatory to any of the four documents that were discussed at the New York meeting. While the defendants sent two faxes *from* New York and communicated with their representative *in Peru*, not plaintiff, these contacts were insufficient to confer jurisdiction over defendants (*see, Alas Intl. v Ramiz*, 257 AD2d 408, 409). Moreover, the faxes contained only preliminary proposals and did not significantly advance the making of the March 20, 1996 letter agreement sued upon (*see, C-Life Group v Generra Co.*, 235 AD2d 267). Plaintiff's claim that the March 20, 1996 letter agreement was in fact negotiated in New York is not borne out by the record, which demonstrates that that agreement was entirely the product of negotiations in Peru.

The motion court properly declined to address plaintiff's claim that defendant Stanton Funding LDC is subject to jurisdiction pursuant to CPLR 301 since that issue was not within the scope of this Court's remand of the case for further discovery with regard to personal jurisdiction under CPLR 302 (*see, Hohenberg v 77 W. 55th St. Assocs.*, 118 AD2d 418, 420, *lv denied* 68 NY2d 604). In any event, plaintiff has failed to show that defendant Stanton Capital's activities in New York, if any, are sufficient to establish jurisdiction over defendant Stanton Funding LDC (*see, Holness v Maritime Overseas Corp.*, 251

AD2d 220; *New World Capital Corp. v Poole Truck Line*, 612 F Supp 166, 170). Concur—Sullivan, P. J., Wallach, Lerner, Andrias and Buckley, JJ.