■ ASHER B. EDELMAN et al., Appellants, v TAITTINGER, S.A., et al., Respondents, et al., Defendants. [751 NYS2d 171] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered December 21, 2001, which, to the extent appealed from, granted defendants' motion to the extent of diminishing the complaint as against defendants Taittinger, S.A., Compagne Financiere Taittinger, Anne-Claire Taittinger, Claude Taittinger, Michel Taittinger, Jean Taittinger and Oddo et Cie for lack of personal jurisdiction and dismissing the complaint as against defendant Baccarat, S.A. on the ground of forum non conveniens, unanimously modified, on the law, to the extent of denying defendants' motion with respect to defendants Taittinger, S.A. and Compagne Financiere Taittinger and reinstating the complaint as against them, and indicating that the dismissal as against defendant Baccarat, S.A. is premised on lack of personal jurisdiction, and otherwise affirmed, without costs. Order, same court and Justice, entered June 15, 2001, which, inter alia, denied

plaintiffs' motion for discovery in aid of jurisdiction, unanimously reversed to the extent not rendered academic by our disposition with respect to the December 21, 2001 order and judgment, on the law and the facts, to grant the motion insofar as to afford plaintiffs the discovery sought as against defendants Taittinger, S.A. and Compagne Financiere Taittinger, and the appeal otherwise dismissed, without costs.

Contrary to the determination of the motion court, we find that plaintiffs made a "sufficient start" (see Peterson v Spartan Indus., 33 NY2d 463, 467) in demonstrating that defendants Taittinger, S.A. and Compagne Financiere Taittinger were doing business in New York through their direct or indirect subsidiaries and thus "present" in the jurisdiction so as to furnish a jurisdictional predicate pursuant to CPLR 301. While a showing of agency for jurisdictional purposes will not be inferred from the mere existence of a parent-subsidiary relationship (Porter v LSB Indus., 192 AD2d 205, 213), at this juncture, plaintiffs should be allowed to learn whether the complex corporate relationships involved the parents' exercise of control over their subsidiaries. Discovery was properly denied as to the individual Taittinger family members and as to the other corporate defendants, in the absence of any basis for claiming that discovery would yield facts relating to their doing business in New York.

Nor was there any basis for discovery as to any of defendants under the less onerous showing for jurisdiction pursuant to the long-arm statute. Although CPLR 302 is a "single act" statute, requiring proof of only one transaction in New York to invoke jurisdiction, there must be a substantial relationship between the transaction and the claim asserted (Kreutter v McFadden Oil, 71 NY2d 460, 467; see Samsung Am. v GS Indus., 278 AD2d 138), which does not appear here. The claimed telephone calls with one of the individual defendants and the letters sent by another to New York are insufficient for this purpose (see Professional Personnel Mgt. Corp. v Southwest Med. Assoc., 216 AD2d 958).

There was also no basis for jurisdiction, or discovery in aid thereof, as the result of a tortious act committed outside this state resulting in economic harm in New York (CPLR 302 [a] [3]; see Lancaster v Colonial Motor Frgt. Line, 177 AD2d 152, 158). Although the dismissal against defendant Baccarat, S.A. was grounded solely on forum non conveniens, we find that, as with the other dismissed defendants, there was no personal jurisdiction over this defendant, and we modify the order and judgment accordingly.

In the absence of jurisdiction as to several defendants, and in the face of an unresolved jurisdictional question awaiting discovery as to two others, this Court may not reach the issue of whether dismissal should be based on forum non conveniens (*see Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 478-480, *cert denied* 469 US 1108; *Matter of Obregon,* 230 AD2d 47, 54, *affd sub nom. Matter of Stern,* 91 NY2d 591). We note, however, that, under the totality of the circumstances, New York does not appear to be a convenient forum since the contacts with this jurisdiction are tenuous at best. All of the alleged wrongs emanate from conduct in France, it is undisputed that the witnesses and documents are located there (*see e.g. Waterways Ltd. v Barclays Bank,* 174 AD2d 324, 328-329), and it is likely that the resolution of certain issues will depend on the application of French law. Nor would the procedural differences between New York courts and the commercial courts of France warrant a different result on the ground that there is no other forum available, since that is only one factor in the court's exercise of discretion (*see Islamic Republic of Iran v Pahlavi,* 62 NY2d 474, 481) and the other factors militate strongly against retention of this action in New York. Concur—Tom, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.