■ Shore Pharmaceutical Providers, Inc., et al., Appellants, v Oakwood Care Center, Inc., et al., Defendants, and Abraham Shaulson, Respondent. [885 NYS2d 88]—

In an action, inter alia, to recover damages for violations of Debtor and Creditor Law §§ 273, 274, 275, 276-a and 278, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered August 14, 2008, which granted the motion of the defendant Abraham Shaulson pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion is denied without prejudice to renewal upon the completion of disclosure on the issue of whether long-arm jurisdiction may be established over the defendant Abraham Shaulson.

The plaintiffs alleged that they and their predecessors-in-interest provided pharmaceutical supplies and services in the amount of $768,562.23, for which they were not paid, to the Oakwood Care Center, Inc. (hereinafter Oakwood), a nursing home in Nassau County which was in receivership. In May 2007, the plaintiffs commenced this action, inter alia, to recover damages based on various sections of the Debtor and Creditor Law, against Oakwood, H.S. Care LLC (hereinafter HS Care), which was Oakwood's first receiver, Oakwood Operating Co., LLC (hereinafter Oakwood LLC), which was Oakwood's second receiver, and Henry Schoen, Otto Weingarten, and Abraham Shaulson, who were alleged to be the members of HS Care. The complaint alleged that in early 2004 Oakwood LLC entered into an asset purchase agreement pursuant to which it purchased all of HS Care's assets relating to Oakwood for the principal sum of $4,000,000. Of that amount, $3,000,000 was to be paid directly to HS Care's three members, as evidenced by a promissory note in their favor. The complaint alleged that the transaction constituted a fraudulent conveyance, and was an attempt to avoid HS Care's liabilities, which at the time of the transaction exceeded $3,000,000.

All of the defendants except Shaulson answered the complaint. In lieu of an answer, Shaulson moved pursuant to CPLR 3211

(a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In his affidavit, Shaulson averred that he was a resident of Florida, had never been a member of HS Care, did not maintain an office, bank accounts, employees, telephone lines, or mailing addresses in New York, and did not conduct any transactions in New York, either individually or in a corporate capacity. In opposition, the plaintiffs submitted an affidavit from their counsel, to which was attached, inter alia, documents related to the sale of HS Care to Oakwood LLC, including the asset purchase agreement, the schedule of HS Care's liabilities, and the promissory note. The Supreme Court granted the motion, finding no evidence that Shaulson was a member of HS Care and noting that he was a resident and domiciliary of Florida at all relevant times. The plaintiffs appeal. We reverse.

Although a plaintiff bears the ultimate burden of proof on the issue of personal jurisdiction (*see Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]; *Ying Jun Chen v Lei Shi*, 19 AD3d 407, 407 [2005]), in opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth "a sufficient start, and show[ ] their position not to be frivolous" (*Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *see American BankNote Corp. v Daniele*, 45 AD3d 338, 340 [2007]; *Ying Jun Chen v Lei Shi*, 19 AD3d at 408; *Cordero v City of New York*, 236 AD2d 577 [1997]).

Here, Shaulson did not dispute his status as a payee on the subject $3,000,000 promissory note, which contains a New York choice-of-law clause, and which was part of a $4,000,000 asset sale between two New York entities, HS Care and Oakwood LLC, the successive receivers of Oakwood, a New York nursing home. Under the circumstances, and given the "substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]), i.e., that the subject promissory note was allegedly part of a fraudulent conveyance to avoid HS Care's multimillion dollar liabilities to creditors, including the plaintiffs, the plaintiffs' opposition to Shaulson's motion was sufficient to warrant denial of the motion without prejudice to renewal upon completion of disclosure on the issue of whether long-arm jurisdiction may be established over Shaulson (*see Fischbarg v Doucet*, 9 NY3d 375, 380-381 [2007]; *Wright v 299 Union Ave. Corp.*, 288 AD2d 382, 383 [2001]; *Multi-Modal Intl. v Anglia N. Am.*, 227 AD2d 600 [1996]; *Staten Is. Hosp. v Alliance Brokerage Corp.*, 166 AD2d 574, 576 [1990]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.