■ YASHA MORGAN, an Infant, by His Mother and Natural Guardian, PATRICIA HUNT, et al., Respondents, v A BETTER CHANCE, INC., Defendant, and ABC GLASTONBURY, INC., Appellant. [895 NYS2d 374]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about October 1, 2009, which denied defendant ABC Glastonbury, Inc.'s motion to dismiss the complaint on the ground of lack of jurisdiction or forum non conveniens, without prejudice to renewal upon presentation of evidence as to its contacts within the State of New York, unanimously affirmed, without costs.

While appellant was properly served pursuant to Not-For-Profit Corporation Law § 307 (a) (*see* CPLR 311 [a] [1]), jurisdiction is established only if plaintiffs sustain their burden of demonstrating long-arm jurisdiction pursuant to CPLR 302 (a) (*see Stewart v Volkswagen of Am.*, 81 NY2d 203, 207 [1993]).

ABC Glastonbury operates a boarding school in Glastonbury, Connecticut. The complaint alleges that the infant plaintiff was assaulted while a resident in a program operated by ABC Glastonbury and defendant A Better Chance, Inc. (Chance). Plaintiff submitted an application to Chance in New York and was interviewed by Chance in New York. In moving to dismiss for lack of personal jurisdiction, ABC Glastonbury asserts that it is a nonprofit organization located in Connecticut and that it conducts no business within this state to warrant the imposition of personal jurisdiction. ABC Glastonbury admitted, however, that it is one of 29 "Community School Programs" affiliated with Chance and that, through agreement, it works together with Chance to accomplish their shared mission of offering young minority men of demonstrated ability the opportunity to obtain a high quality education. Chance was the sole source of student referrals to ABC Glastonbury, and all but one of its residents were from New York.

The conduct of an agent may be attributed to the principal for jurisdictional purposes where the agent engaged in purposeful activities in this state in relation to the transaction at issue for the benefit of and with the knowledge and consent of the principal and the principal exercised some control over the agent in the matter (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). Plaintiffs provided sufficient evidence to warrant further discovery to determine whether Chance was an agent of ABC Glastonbury (*see Amigo Foods Corp. v Marine Midland Bank-N.Y.*, 39 NY2d 391, 395 [1976]; *Edelman v Taittinger, S.A.*, 298 AD2d 301, 302 [2002]). Concur—Gonzalez, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.