■ MARIST COLLEGE, Respondent, v MATTHEW BRADY, Defendant, and COMMONWEALTH OF VIRGINIA et al., Appellants. [924 NYS2d 529]—

In an action, inter alia, to recover damages for tortious interference with contractual relations and, in effect, inducement of breach of fiduciary duty, the defendants James Madison University and the Commonwealth of Virginia appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Wood, J.), dated June 30, 2010, as denied that branch of their application which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by adding to the first decretal paragraph thereof a provision stating that the denial of that branch of the application of the defendants James Madison University and the Commonwealth of Virginia which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction is without prejudice to renewal upon the completion of discovery on the issue of whether personal jurisdiction may be established over those defendants; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances, the Supreme Court properly exercised its discretion in deciding, on the merits, that branch of the appellants' application which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction (*see Fugazy v Fugazy*, 44 AD3d 613, 614 [2007]). As the party seeking to assert personal jurisdiction, the plaintiff bears the ultimate burden of proof on this

issue (*see Alden Personnel, Inc. v David*, 38 AD3d 697, 698 [2007]; *Brandt v Toraby*, 273 AD2d 429, 430 [2000]). To successfully oppose a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, the plaintiff did not need to make a prima facie showing of jurisdiction, but instead only needed to set forth "a sufficient start, and [show its] position not to be frivolous" (*Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *see Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d 623, 624 [2009]; *American BankNote Corp. v Daniele*, 45 AD3d 338, 340 [2007]; *Cordero v City of New York*, 236 AD2d 577, 578 [1997]).

Since the plaintiff established that facts " 'may exist' " to exercise personal jurisdiction over the appellants and has made a "sufficient start" to warrant further discovery on that issue, the Supreme Court properly denied that branch of the appellants' application which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction (*Peterson v Spartan Indus.*, 33 NY2d at 467; *see Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc.*, 65 AD3d at 624; *Castillo v Star Leasing Co.*, 69 AD3d 551, 552 [2010]; *cf. Lang v Wycoff Hgts. Med. Ctr.*, 55 AD3d 793, 794 [2008]; *Roldan v Dexter Folder Co.*, 178 AD2d 589, 589 [1991]). However, since the plaintiff failed to demonstrate, prima facie, that the appellants were subject to the Supreme Court's long-arm jurisdiction pursuant to CPLR 302 (a) (3) (ii) (*cf. Alden Personnel, Inc. v David*, 38 AD3d at 698), we modify the order appealed from to allow the appellants to seek dismissal of the complaint pursuant to CPLR 3211 (a) (8) upon the completion of discovery (*see Ying Jun Chen v Lei Shi*, 19 AD3d 407, 407-408 [2005]; *Lettieri v Cushing*, 80 AD3d 574, 575-576 [2011]). Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.