In an action, inter alia, to recover damages for intentional torts and negligence, the defendant Saint Michael’s Abbey of Norbertine Fathers appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered October 21, 2011, which denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, with leave to renew upon the completion of discovery.
Ordered that the order is affirmed, with costs.
“As the party seeking to assert personal jurisdiction, the plaintiff bears the ultimate burden of proof on this issue” (Marist Coll. v Brady, 84 AD3d 1322, 1322-1323 [2011]; see Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc., 65 AD3d 623, 624 [2009]). However, “in opposing a motion to dismiss pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth ‘a sufficient start, and show[ ] their position not to be frivolous’ ” (Shore Pharm. Providers, Inc. v Oakwood Care Ctr., Inc., 65 AD3d at 624, quoting Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). “[T]he jurisdictional issue is likely to be complex. Discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits” (Peterson v Spartan Indus., 33 NY2d at 467).
Under the particular circumstances of this case, the plaintiffs established that facts “ ‘may exist’ ” to exercise personal jurisdiction over the defendant Saint Michael’s Abbey of Norbertine Fathers (hereinafter the Abbey defendant), and has made a “ ‘sufficient start’ ” to warrant disclosure on the issue of personal jurisdiction (Marist Coll. v Brady, 84 AD3d at 1323, quoting Peterson v Spartan Indus., 33 NY2d at 467; see Lettieri *685 v Cushing, 80 AD3d 574, 575 [2011]; Morgan v A Better Chance, Inc., 70 AD3d 481 [2010]).
The Abbey defendant’s remaining contentions either are without merit or have been rendered academic by our determination.
Accordingly, the Supreme Court properly denied the Abbey defendant’s motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, with leave to renew upon the completion of discovery. Eng, PJ., Dillon, Lott and Cohen, JJ., concur.