Mercedes v Cool Wind Ventilation Corp. (2024 NY Slip Op 00380)

Mercedes v Cool Wind Ventilation Corp.

2024 NY Slip Op 00380

Decided on January 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2024

Before: Webber, J.P., Friedman, González, Shulman, Pitt-Burke, JJ. 

Index No. 151002/22 Appeal No. 1550 Case No. 2023-02516 

[*1]Bernie Mercedes, Plaintiff-Respondent,
v
Cool Wind Ventilation Corp. et al., Defendants-Respondents, New York Presbyterian Hospital-Columbia University et al., Defendants, Sumner Manufacturing Co., LLC, Defendant-Appellant.

Sheppard, Mullin, Richter & Hampton LLP, New York (Cesar F.F. Pereira of counsel), for appellant.
Ehrlich Gayner, LLP, New York (Charles J. Gayner of counsel), for Bernie Mercedes, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (William J. Goodbody of counsel), for Cool Wind Ventilation Corp., respondent.
Cornell Grace, P.C., New York (George P. Cornell of counsel), for Hellman Construction Co., Inc., respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about April 11, 2023, which, to the extent appealed from, denied defendant Sumner Manufacturing Co., LLC's (Sumner) request to limit discovery to jurisdictional issues and either hold in abeyance or deny without prejudice to renew its CPLR 3211(a)(8) motions to dismiss plaintiff's complaint and the cross-claims of defendants Cool Wind Ventilation Corp. (Cool Wind) and Hellman Construction Co., Inc. (Hellman) until the completion of such limited jurisdictional discovery and a full hearing, unanimously affirmed, without costs.
It is well settled that "[a] trial court is vested with broad discretion regarding discovery, and its determination will not be disturbed absent a demonstrated abuse of that discretion" (148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]). Appellate courts "rarely and reluctantly invoke" their power to substitute their discretion for that of the motion court (see M.P. v Jewish Bd. of Family & Children's Servs., 211 AD3d 584, 585 [1st Dept 2022]).
When a court reviews a motion to dismiss under CPLR 3211, it must "accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]). Moreover, pursuant to CPLR 3211(d), "the court may deny the motion , . . [and] may order a continuance to permit . . . disclosure to be had and may make such other order as may be just."
Here, Sumner failed to establish that the court improvidently exercised its discretion by denying its request to limit discovery to jurisdiction related issues and indefinitely hold its motions in abeyance until such jurisdictional discovery was complete. Sumner ignores that the court denied its CPLR 3211(a)(8) motions to dismiss without prejudice to renew if appropriate. Moreover, if Sumner is served with a
discovery demand that it deems overly broad, it can move for a protective order (Peterson v Spartan Indus., 33 NY2d 463, 468 [1974]; Mariner Pac., Ltd. v Sterling Biotech Ltd., 106 AD3d 667, 668[1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2024