| |
|---|
| **Lee v Diocese of Brooklyn** |
| 2024 NY Slip Op 33637(U) |
| October 10, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 517086/2021 |
| Judge: Sabrina Kraus |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## KINGS COUNTY

PRESENT: **HON. SABRINA KRAUS**  PART  CVA 1/ 57M

*Justice*

------------------------------------------------------------------X

HELEN LEE, AS ADMINISTRATOR OF ARK480 DOE ESTATE,

INDEX NO.  517086/2021

MOTION DATE  N/A

Plaintiff,

MOTION SEQ. NO.  002

- v -

DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK; DIOCESE OF AUSTIN a/k/a CATHOLIC DIOCESE OF AUSTIN; ST. CECILIA'S a/k/a ST. CECILIA; DIVINE MERCY ROMAN CATHOLIC CHURCH; and DOES 1-5 whose identities are unknown to Plaintiff,

**DECISION + ORDER ON MOTION**

Defendants.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24 - 54 were read on this motion to/for  DISMISS  .

## BACKGROUND

Plaintiff commenced this action pursuant to the Child Victim's Act ("CVA") is a lifelong alleging he was sexually assaulted as child by Father Michael Francis Krol ("Krol") while attending a parish in Brooklyn. The Archdiocese of Oklahoma City ("AOC") has moved to dismiss the action based on lack of personal jurisdiction.

For the reasons set forth below, the motion is denied without prejudice to renewal upon the completion of limited jurisdictional discovery.

## ALLEGED FACTS

Plaintiff makes the following factual allegations in the complaint and motion papers.

Plaintiff was raised in a devout Roman Catholic family and attended St. Cecilia's Church and School in Brooklyn, New York in the Diocese of Brooklyn. Plaintiff was a child and

[* 1]

parishioner when he met Krol, a priest working at St. Cecilia's. Krol sexually assaulted Plaintiff in approximately 1954, when Plaintiff was approximately 16 years old.

Before coming to New York, Krol attended college and seminary in France and then completed his seminary in Scotland. After being ordained in 1945 for his home diocese of Przemysl in Poland, Krol came to the United States to work for AOC from 1948 to 1953, immediately before being moved to St. Cecilia's in Brooklyn, where he abused Plaintiff.

In 2021, AOC publicly added Krol to its "list of priests with substantiated allegations of abuse of a minor while serving in the Archdiocese of Oklahoma City" between 1948 and 1953. Krol is also included on the Diocese of Austin's List of clergy and religious who have been credibly accused of committing sexual abuse against a minor.

During the years immediately preceding Plaintiff's abuse, the Official Catholic Directory ("OCD") listed Krol at two parishes in Oklahoma. While assigned to Sacred Heart in Sayre, Oklahoma in 1952, Krol is the only priest listed as assigned to the parish, which Plaintiff asserts generally implies that he was appointed pastor. Plaintiff alleges it is likely that Krol was incardinated to the AOC and belonged to the Oklahoma City Archdiocese who sent him to Brooklyn where he abused Plaintiff.

AOC denies this allegation but provides no documentation to show that Krol was under the auspices of another Archdiocese during this period.

Plaintiff further asserts that AOC conducts business in New York by transacting with organizations located in the state such as the Pontifical Mission Societies (PMS) located on 36th Street in New York City. Plaintiff asserts that AOC collects money annually for the PMS through the World Mission Sunday collection and remits monies collected to the New York office on a regular and anticipated basis. Plaintiff argues that if permitted, it is likely that AOC's

records would show the depth of financial transactions in New York related to education and maintenance for its seminarians, deacons and priests.

## DISCUSSION

### *Plaintiff Is Entitled to Jurisdictional Discovery*

"As the party seeking to assert personal jurisdiction, the plaintiff bears the ultimate burden on this issue" (*Marist Coll. v. Brady,* 84 A.D.3d 1322, 1322–1323, 924 N.Y.S.2d 529; *see Shore Pharm. Providers, Inc. v. Oakwood Care Ctr.,* 65 A.D.3d 623, 624, 885 N.Y.S.2d 88). However, "in opposing a motion to dismiss pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth 'a sufficient start, and show[ ] their position not to be frivolous' " (*Shore Pharm. Providers, Inc. v. Oakwood Care Ctr., Inc.,* 65 A.D.3d at 624, 885 N.Y.S.2d 88, quoting *Peterson v. Spartan Indus.,* 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 310 N.E.2d 513). "[T]he jurisdictional issue is likely to be complex. Discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits" (*Peterson v. Spartan Indus.,* 33 N.Y.2d at 467, 354 N.Y.S.2d 905, 310 N.E.2d 513).

*Doe v. McCormack* 100 A.D.3d 684, 684 (2012).

The Court finds that Plaintiff has made a sufficient start towards showing that her position is not frivolous in terms of arguing that this court can and should exercise long arm jurisdiction over AOC.

If Krol was under the auspices of AOC at the time he was sent to New York, there may be basis to exercise jurisdiction over AOC.

A court can exercise personal jurisdiction over a non-domiciliary based on the actions of its agent so long as that agent acted "for [its] benefit . . . and with [its] knowledge and consent" and that the non-domiciliary "exercised some control over [the agent]". *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467 (1988). Courts in New York have even exercised jurisdiction over a non-domiciliary when its agent acted against its express direction. *Elman v. Benson,* 32 A.D.2d 422, 426 (2d Dept. 1969).

[* 3]

The requirement of control is "applied flexibly, requiring only 'some measure' of control by the 'principal' over the 'agent.' This minimal level of required control does not need to be formal or direct." *Consumer Fin. Prot. Bureau v. NDG Fin. Corp.*, 2016 U.S. Dist. LEXIS 177756, *28 (S.D.N.Y. 2016). Further, courts in New York have recognized that jurisdiction under CPLR §302(a)(2) can extend to non-domiciliaries who "did not themselves commit a tort while physically present in New York but who can be deemed responsible for such a tort based upon [a] theor[y] of agency..." *LaChapelle v. Torres*, 1 F.Supp.3d 163, 169 (S.D.N.Y. 2014).

Additionally, Plaintiff is entitled to discovery on the issue of any business AOC may have transacted in New York.

CPLR § 3211(d) permits discovery where the facts essential to justify opposition to a motion may exist but cannot be stated without further disclosure. Further, jurisdictional discovery is proper where a plaintiff demonstrates that facts supporting jurisdiction "may exist" and plaintiff has "made a sufficient start" and "shown [plaintiff's] position not to be frivolous." *Peterson v. Spartan Indus.*, 33 N.Y.2d 463, 466-67 (1974). Plaintiff need not demonstrate that facts "do exist. This obviously must await discovery." *Id.* at 466. Where a plaintiff's assertions regarding defendant's New York contacts constitute a sufficient start, the issue of jurisdiction should not be decided on the basis of conflicting affidavits. *Stardust Dance Prods., Ltd., v Cruise Groups Intl., Inc.* 63 A.D.3d 1262, 1265. In such instances, the issue of jurisdiction should not be decided by the court without discovery. *Edelman v. Tattinger, S.A.*, 298 A.D.2d 301 (1st Dep't 2002).

Plaintiff has demonstrated through the facts alleged and the Declaration of Jennifer Haselberger and attached exhibits, that facts "may exist" to justify jurisdiction. Further, Plaintiff

made reasonable efforts to obtain jurisdictional discovery from the AOC before responding to its Motion.

The discovery sought will be narrowly tailored to the relationship between AOC and Krol, its financial and business transactions with New York, the deposition of the AOC's affiant in support of its Motion to Dismiss, and the deposition of its person most knowledgeable regarding Krol and AOC's contacts with New York. These requests are appropriately tailored and reasonable to the question of jurisdiction before this Court.

Discovery is particularly necessary in this case, where Plaintiff was a child at the time the abuse occurred and information regarding Krol's relationship with AOC and AOC's presence/contacts with New York is in the exclusive possession of AOC.

## CONCLUSION

WHEREFORE it is hereby:

ORDERED that the motion is denied without prejudice to renewal after the completion of the ordered discovery; and it is further

ORDERED that within ten days from the date of this order Plaintiff serve AOC with a notice to produce; and it is further

ORDERED that within thirty days from receipt of said notice Defendant produce the records requested therein; and it is further

ORDERED that within 60 days of the date of said production Defendant produce appropriate individual(s) for deposition(s); and it is further

ORDERED that the parties appear for a virtual status conference on the above ordered discovery on February 3, 2025, at 10:00 am.

This constitutes the decision and order of this Court.

___10/10/2024___
**DATE**

_SABRINA KRAUS, J.S.C._

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |