| |
|:---:|
| **Lechky v Nayar** |
| 2024 NY Slip Op 34010(U) |
| November 12, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650584/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LYLE E. FRANK
                                                         *Justice*

PART          11M

-----------------------------------------------------------------------------X

SCOTT LECHKY,

                              Plaintiff,

INDEX NO.          650584/2023

MOTION DATE        03/15/2024

MOTION SEQ. NO.    004

- v -

MANISH NAYAR, OYA SOLAR NY, L.P., OYA SOLAR US
GP INC.,MANISH NAYAR HOLDINGS INC.,OYA SOLAR
CDG LLC,OYA SOLAR CORP., OYA DOE DEFENDANTS
1-25

**DECISION + ORDER ON
MOTION**

                              Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66 were read on this motion to/for                DISMISS                .

## Background

Plaintiff, Scott Lechky, brings this action against Defendants Manish Nayar, OYA Solar NY, L.P., OYA Solar US GP INC., Manish Nayar Holdings Inc., OYA Solar CDG LLC, and OYA Solar Corp.[1] The Defendants are Plaintiff's previous employer(s) along with affiliated companies and individuals. All defendants, other than OYA Solar NY, L.P., move to dismiss for lack of personal jurisdiction. Further, the defendants are seeking dismissal of the complaint due to failure to state a claim and based on documentary evidence. Plaintiff filed a cross-motion seeking jurisdictional discovery.

## Discussion

Defendants move to dismiss for lack of personal jurisdiction. Plaintiff cross-moves seeking jurisdictional discovery. "As the party seeking to assert personal jurisdiction, the

---

[1] The Court would like to thank Special Master Jason Lowe, Esq. for his assistance in this matter.

**650584/2023   LECHKY, SCOTT vs. NAYAR, MANISH ET AL**
**Motion No. 004**

**Page 1 of 4**

plaintiff bears the ultimate burden on this issue" (*Marist Coll. v. Brady*, 84 A.D.3d 1322, 1322-1323, 924 N.Y.S.2d 529 [2nd Dept. 2011]).

However, "in opposing a motion to dismiss pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a *prima facie* showing of jurisdiction, but instead must only set forth 'a sufficient start, and show[ ] their position not to be frivolous' " (*Shore Pharm. Providers, Inc. v. Oakwood Care Ctr., Inc.*, 65 A.D.3d 623, 624, 885 N.Y.S.2d 88 [2nd Dept. 2009], *quoting Peterson v. Spartan Indus.*, 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 310 N.E.2d 513 [1974]). Where the jurisdictional issue is likely complex, discovery is "desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits" (*Peterson v. Spartan Indus.*, 33 N.Y.2d 463, 467, 310 N.E.2d 513, 515 [1974]).

To be entitled to jurisdictional discovery a Plaintiff's pleadings, affidavits, and accompanying documentation must show a "sufficient start" to warrant discovery on the issue of personal jurisdiction (*American BankNote Corp. v Daniele*, 45 AD3d 338, 350 [1st Dept 2007]). Plaintiff has made a sufficient start towards showing that this Court may have personal jurisdiction over the defendants. There are credible allegations against each of the defendants that could lead to personal jurisdiction being appropriate. For instance, Defendant Noyar may have acted through various corporations with respect to transactions alleged in the complaint and Defendant Noyar may be subject to jurisdiction in New York if the companies "engaged in purposeful activities in this State in relation to his transaction for the benefit of and with the knowledge and consent of [Defendant Noyar] and that [Defendant Noyar] exercised some control over [the companies] in the matter" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]).

**650584/2023   LECHKY, SCOTT vs. NAYAR, MANISH ET AL**
**Motion No.  004**

**Page 2 of 4**

2 of 4

[* 2]

Similarly, there are issues of fact regarding whether Defendant OYA Solar CDG LLC's principal place of business is in New York, whether OYA Solar US GP Inc. was Plaintiff's employer, the extent of Defendant OYA Solar Corp.'s contacts with New York, and whether the defendant entities were essentially one and the same.

There are conflicting affidavits over many of the above issues which will impact whether this Court finds that it has personal jurisdiction over each defendant. Since Plaintiff's assertion regarding defendants' New York contacts constitute a sufficient start, the issue of jurisdiction should not be decided on the basis of the conflicting affidavits submitted as part of the motion to dismiss (*Stardust Dance Prods., Ltd., v Cruise Groups Intl., Inc.* 63 A.D.3d 1262, 1265 [3rd Dept. 2009]). Rather, the issue of jurisdiction should not be decided by the court prior to discovery on the above issues (*Edelman v. Tattinger, S.A.*, 298 A.D.2d 301 [1st Dep't 2002]). Therefore, the Court grants Plaintiff's cross motion for jurisdictional discovery in accordance with what is ordered below.

Since the Court must first determine whether it has jurisdiction before it determines the merits of the motion to dismiss, the motion to dismiss is denied without prejudice to renewal.

Accordingly, it is hereby

ORDERED that plaintiff shall have 60 days from the date this Order is uploaded to NYSCEF to conduct jurisdictional discovery; and it is further

ORDERED the motion to dismiss is denied without prejudice; and it is further

ORDERED if any of the defendants waive their personal jurisdiction argument, such waiver shall act to nullify the need to participate in jurisdictional discovery; and it is further

ORDERED defendants shall answer or refile their motion to dismiss within 90 days from the date this Order is uploaded to NYSCEF.

**650584/2023  LECHKY, SCOTT vs. NAYAR, MANISH ET AL**
**Motion No.  004**

**Page 3 of 4**

3 of 4

20241112092414LFRANK1775D76ED9774945A797C79471C90B74

| 11/12/2024 | | | | LYLE E. FRANK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

CHECK ONE:

| | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | | DENIED | **X** | GRANTED IN PART | | OTHER |

APPLICATION:  | | SETTLE ORDER | | | SUBMIT ORDER |

CHECK IF APPROPRIATE:  | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | | REFERENCE |

650584/2023   LECHKY, SCOTT vs. NAYAR, MANISH ET AL
Motion No.  004

Page 4 of 4

4 of 4