| Katusha v Mizrahi |
|:---:|
| 2024 NY Slip Op 34554(U) |
| December 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656920/2022 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART    11M

-------------------------------------------------------------------------------X

JOSEPH KATUSHA,

                               Plaintiff,

                         - v -

DANIEL MIZRAHI, ALEKSANDRA MIZRAHI, MIZRAHI
STRATEGIES, LLC,D&A PROPERTIES SOLUTIONS, LLC

                               Defendant.

-------------------------------------------------------------------------------X

INDEX NO.     656920/2022

MOTION DATE     04/04/2024

MOTION SEQ. NO.     004

**DECISION + ORDER ON
MOTION (Corrected)**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193

were read on this motion to/for                         DISMISSAL                .

## Background[1]

Plaintiff, Joseph Katusha, brings this action against the defendants for breaching

contractual conditions in a joint venture with Plaintiff for investment in a residential property.

This Court granted Plaintiff's motion for a default judgment against the defendants in July 2023.

NYSCEF #96. Now, Defendants Aleksandra Mizrahi ("Aleksandra") and D&A Properties

Solutions LLC ("D&A") (the "Moving Defendants") move to vacate the default judgment

entered against them and to dismiss for lack of personal jurisdiction. Plaintiff cross-moves

seeking jurisdictional discovery.

## Discussion

"As the party seeking to assert personal jurisdiction, the plaintiff bears the ultimate

burden on this issue" (Marist Coll. v. Brady, 84 A.D.3d 1322, 1322-1323, 924 N.Y.S.2d 529

---

[1] The Court would like to thank Special Master to the Court, Jason Lowe, Esq. for his assistance in this matter.

**656920/2022   KATUSHA, JOSEPH vs. MIZRAHI, DANIEL ET AL**
**Motion No. 004**

**Page 1 of 4**

1 of 4

[Dept. 2011]). However, "in opposing a motion to dismiss pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth 'a sufficient start, and show[ ] their position not to be frivolous' " (Shore Pharm. Providers, Inc. v. Oakwood Care Ctr., Inc., 65 A.D.3d 623, 624, 885 N.Y.S.2d 88 [2nd Dept. 2009], quoting Peterson v. Spartan Indus., 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 310 N.E.2d 513 [1974]). Where the jurisdictional issue is likely complex, discovery is "desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits" (Peterson v. Spartan Indus., 33 N.Y.2d 463, 467, 310 N.E.2d 513, 515 [1974]).

Pursuant to Civil Practice Law and Rules §302(a)(2) "a court may exercise personal jurisdiction over any non-domiciliary.... who in person or through an agent...commits a tortious act within the state." "To establish that a defendant acted through an agent, a plaintiff must 'convince the court that [the New York actors] engaged in purposeful activities in this State in relation to [the] transaction for the benefit of and with the knowledge and consent of [the defendant] and that [the defendant] exercised some control over [the New York actors]'" (Coast to Coast Energy, Inc. v. Gasarch, 149 A.D.3d 485, 486–87, 53 N.Y.S.3d 16, 19 (1 st Dept. 2017) quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 [1988]). "The conduct of an agent may be attributed to the principal for jurisdictional purposes where the agent engaged in purposeful activities in this state in relation to the transaction at issue for the benefit of and with the knowledge and consent of the principal and the principal exercised some control over the agent in the matter" (Morgan ex rel. Hunt v A Better Chance, Inc., 70 AD3d 481, 482 [1st Dept 2010])

**656920/2022   KATUSHA, JOSEPH vs. MIZRAHI, DANIEL ET AL**
**Motion No.  004**

**Page 2 of 4**

2 of 4

To be entitled to jurisdictional discovery a Plaintiff's pleadings, affidavits, and accompanying documentation must show a "sufficient start" to warrant discovery on the issue of personal jurisdiction (American BankNote Corp. v Daniele, 45 AD3d 338, 350 [1st Dept 2007]). Plaintiff has made a sufficient start towards showing that this Court may have personal jurisdiction over the defendants due to the actions of Danny Mizrahi, who Plaintiff argues acted as the agent for the Moving Defendants. For instance, Plaintiff notes that the Affidavit of Aleksandra Mizrahi admits that she demanded Plaintiff speak with Danny Mizrahi regarding certain issues between the parties. Further, the attorney for D&A considered Danny Mizrahi to be the representative of D&A for the sale of the property at issue.

Since Plaintiff's assertion regarding defendants' New York contacts constitute a sufficient start, the issue of jurisdiction should not be decided based on the current record before the Court. Rather, the issue of jurisdiction should not be decided by the court prior to discovery on the above issues (Edelman v. Tattinger, S.A., 298 A.D.2d 301 [1st Dep't 2002]). Therefore, the Court grants Plaintiff's cross motion for jurisdictional discovery in accordance with what is ordered below.

Since the Court must first determine whether it has jurisdiction before it determines the remainder of the motion, the Court holds the motion in abeyance pending the below.

Accordingly, it is hereby

ORDERED that Plaintiff shall have 60 days from the date this Order is uploaded to NYSCEF to conduct jurisdictional discovery; and it is further

ORDERED that within 80 days of the date this Order is uploaded to NYSCEF, Plaintiff shall file a supplemental briefing and any other documents that support its opposition to this motion; and it is further

**656920/2022   KATUSHA, JOSEPH vs. MIZRAHI, DANIEL ET AL**
**Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED that within 100 days of the date this Order is uploaded to NYSCEF,

Defendants Aleksandra Mizrahi and D&A Properties Solutions LLC shall file a supplemental

briefing and any other documents that support their motion

20241231110800LFRANK299BF75A778744E9815A2666D83493A6

__12/31/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

656920/2022   KATUSHA, JOSEPH vs. MIZRAHI, DANIEL ET AL
Motion No.  004

Page 4 of 4

4 of 4

[* 4]